THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ARCADIO TÚA CINTRÓN, Defendant and Appellant.

No. CR-63-49.      Decided November 18, 1963.

*Benjamín Ortiz* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Jenaro Marchand, Assistant Solicitor General,* for The People.

JUDGMENT

In *People* v. *Túa*, 84 P.R.R. 37 (1961), we remanded a conviction of murder in the first degree against appellant for a new trial. The new trial was held on October 2, 1962. The jury having been waived and the matter having been submitted to a court without a jury, Túa was convicted of murder in the second degree and sentenced to serve from 20 to 30 years in the penitentiary. By stipulation, the case was submitted on the evidence introduced in the former trial, as the record of said trial was submitted to the trial court. On appeal, the convict maintains that his constitutional rights were violated because he did not have the opportunity to cross-examine, and because the trial court could not exercise its function of giving credit to some of the witnesses.

The trial court was very careful in stating in the record that it advised defendant as to the legal consequences of waiving a trial by jury as well as to submitting the case on the record of the former trial, expressly advising him of his right to cross-examine, and it made sure that defendant personally understood such consequences and waived intelligently those rights. Under the circumstances shown by the record, the error assigned does not lie. *People* v. *Vargas*, 74 P.R.R. 134 (1952). *Cf. People* v. *Cruz*, 87 P.R.R. 124 (1963).

The judgment rendered by the Superior Court, Mayagüez Part, on October 9, 1962 ordering appellant to serve from 20 to 30 years in the penitentiary is affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

Mr. Justice Santana Becerra maintains, on the grounds set forth in a separate opinion, in which Mr. Justice Belaval and Mr. Justice Hernández Matos concur, that the minimum sentence should be modified by reducing it to 15 years.

Mr. Justice Blanco Lugo delivered a separate opinion in which Mr. Justice Dávila concurs.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) IGNACIO RIVERA
*General Secretary*

—O—

Separate opinion of Mr. Justice Santana Becerra in which Mr. Justice Belaval and Mr. Justice Hernández Matos concur.

This case presents the following situation, which although not raised by appellant we would not be precluded from entering into its consideration because it deals with a rule of procedure. Pursuant to Act No. 117 of June 26, 1961, which amended Act No. 295 of April 10, 1946, in the case of persons sentenced to life imprisonment the Parole Board shall acquire jurisdiction when they have served 12 calendar years of imprisonment. It is therefore a question of legislative public policy in the administration of criminal justice to consider a person convicted of murder in the first degree sentenced to life imprisonment, as perforce he must be, eligible to the benefits of parole when he has served 12 calendar years of his life imprisonment. Murder in the second degree is punishable with 10 years in the penitentiary as the minimum penalty and 30 years as the maximum. In the present case appellant was sentenced to serve from 20 to 30 years, which is lawful, since we have held that the trial court is not necessarily bound to impose the minimum or maximum provided by law, as long as the indeterminate sentence is between said limits and there shall not be such proximity between the minimum and the maximum that in fact it becomes a fixed sentence.

Pursuant to the Act of March 14, 1907, as amended by Act No. 180 of May 15, 1943, a prisoner shall be entitled to a deduction of 13 days per calendar month when the sentence is 30 years or more. Appellant in this case is entitled to the deduction of 13 days inasmuch as his sentence is 30 years. According to said deduction the minimum of 20 years imposed would bind appellant to serve about eleven and a half calendar years before he could avail himself of the benefits of parole. Conditions and conduct being equal, he would practically have to serve the same term which the legislature has provided for a person convicted of murder in the first degree and sentenced to life imprisonment.

Under the fundamental penological principle that the penalty shall be commensurate with the offense and that the lesser the offense the lesser the penalty, and according to the public policy contained in said Act No. 117 of 1961, which in my judgment establishes a rule that merits great consideration on the part of the judges, I am of the opinion that the minimum of 20 years imposed in this case should be reduced to 15 years in order that appellant shall not be punished practically as if he had been convicted of murder in the first degree. It is true that the sentence of a person convicted of first degree continues to be, in its maximum, life imprisonment; but it is not the maximum, but the minimum imposed on a convict which opens the doors of his imprisonment, according to his behavior.

Even from the point of view of an indeterminate sentence, a question not involved herein, a sentence of 20 to 30 years leaves only a margin of separation of less than 6 years, compared to a margin of 12 years provided by the Code.

—O—

Separate vote of Mr. Justice Blanco Lugo in which Mr. Justice Dávila concurs.

The function of the minimum term of the indeterminate sentence being to fix the time on which a convict is eligible for consideration for release on parole, I agree with the criterion expressed to the effect that Act No. 117 of June 26, 1961 states a legislative policy in the administration of penal justice in order that the courts may impose minimum sentences which, once the reduction for good conduct provided by the Act of March 14, 1907, is made, will not equal the commitment for a term greater than 12 calendar years.

However, as the minimum penalty imposed herein—20 years—will be interpreted in the sense that the convict shall have to serve a term not exceeding 12 calendar years, I do not believe we should alter the decision of the trial court in this respect, in the absence of other circumstances. I do not believe either that it can be asserted that the principle that the penalty should be commensurate with the offense is absolutely applicable because, in reality, the controlling fact in this sphere is the maximum term of imprisonment, and certainly there is a remarkable difference between life imprisonment, which must be mandatorily imposed on the person convicted of murder in the first degree, and that of 30 years herein imposed on appellant Túa, convicted of murder in the second degree.